## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

Case No. 1:14-CV-03081-VEB

ANNE DIAZ,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

DECISION AND ORDER

## I. INTRODUCTION

In February of 2011, Plaintiff Anne Diaz applied for Disability Insurance Benefits ("DIB") under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, represented by D. James Tree, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

On January 30, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 16).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for DIB on February 11, 2011. (T at 140).[1]  The application was denied initially and on reconsideration and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On October 10, 2012, a hearing was held before ALJ Laura Valente. (T at 35).  Plaintiff appeared with her attorney and testified. (T at 38-56).  The ALJ also received testimony from Trevor Duncan, a vocational expert (T at 57-60).

On November 2, 2012, the ALJ issued a written decision denying the application for benefits and finding that Plaintiff was not entitled to DIB.  (T at 15-30).  The ALJ's decision became the Commissioner's final decision on May 6, 2014,

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On June 10, 2014, Plaintiff, acting by and through her counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 4). The Commissioner interposed an Answer on August 12, 2014. (Docket No. 10).

Plaintiff filed a motion for summary judgment on November 24, 2014. (Docket No. 14).  The Commissioner moved for summary judgment on February 9, 2015. (Docket No. 21).  Plaintiff filed a reply brief on February 23, 2015. (Docket No. 24).

For the reasons set forth below, the Commissioner's motion is denied, Plaintiff's motion is granted, and this case is remanded for further proceedings.

## III. DISCUSSION

### A.    Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

4

impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2015.  The ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since February 2, 2010.  The ALJ found that Plaintiff's degenerative disc disease of the lumbar spine and obesity were "severe" impairments under the Act. (Tr. 20).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work. (T at 21).  In particular, the ALJ found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently; sit 30 minutes at one time (after which she would need to stand for a few minutes); sit for 6 hours in an 8-hour workday; stand/walk for a combination of 6 hours in an 8-hour workday; occasionally stoop, kneel, crawl and crouch; frequently balance and climb ramps and stairs; never climb ladders, ropes or scaffolds; and avoid concentrated exposure to hazards such as working at heights. (T at 21-22).

The ALJ concluded that Plaintiff could perform her past relevant work as a cashier, insurance clerk, and general office clerk. (T at 24-26).  As such, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act, between February 2, 2010 (which the ALJ determined to be the alleged onset date) and November 2, 2012 (the date of the decision) and was therefore not entitled to benefits. (Tr. 26-27).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-6).

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

**D.     Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  She offers two (2) principal arguments in support of this position.   First, Plaintiff challenges the ALJ's credibility analysis.   Second, Plaintiff argues that the ALJ failed to consider the impact of her diabetes when assessing her RFC.  This Court will examine both arguments in turn.

## IV. ANALYSIS

**A.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, Plaintiff testified as follows:

She lives with her son (14) at the home of a friend. (T at 38).  She cooks "sometimes" and attends to household chores as best she can. (T at 39).  She lost her

last full-time job on February 1, 2010, when her employer went out of business. (T at 40-41). She applied for unemployment benefits after she was laid off and received them until December of 2011. (T at 41). At the time of the hearing, Plaintiff was working part-time at a community job provided by a program called "People for People." (T at 42-43). She worked as a receptionist, answering the phone, entering data, and assisting customers. (T at 43). Her work hours are limited to 20 hours per week due to back and tailbone pain. (T at 43). She works from 1-5 in the afternoon and is able to move around after sitting for 15-20 minute increments. (T at 45). She does back stretches, which provide some relief. (T at 48). She needs to lay down during the day due to overwhelming back pain. (T at 53). She usually lays down for two and a half hours in the morning and the same amount of time at night before bed. (T at 53). Work causes severe pain back pain. (T at 53-54). She cannot lift much and has difficulty handling objects with her right hand. (T at 54). She needs frequent rest breaks. (T at 55).

The ALJ found that Plaintiff's medically determinable impairments could cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not credible to the extent alleged. (T at 22). In particular, the ALJ concluded that Plaintiff's claim

that she needed to lay down during the day was not consistent with the evidence. (T at 22).

### 1.    Onset Date Discrepancy

The ALJ's credibility assessment was undermined by a discrepancy with regard to the alleged onset date.  The ALJ identified the alleged onset date as February 2, 2010. (T at 18, 20, 26).  This is the onset date indicated on a disability report completed in March of 2011 by an interviewer identified as "G. Halliday." (T at 157, 161).  However, Plaintiff's application for DIB, dated February 14, 2011, lists an alleged onset date of October 1, 2010. (T at 140).

At the outset of the hearing, the ALJ referenced the February 2, 2010 onset date. (T at 35).  Plaintiff's counsel immediately made the following statement "Your honor, when [Plaintiff] applied for benefits . . ., she actually alleged an onset date… of October 1, 2010, and would like to revise the date that Social Security put down because that's not the correct date.  It should be October 1, 2010." (T at 35).  The ALJ responded: "All right." (T at 35).  However, the ALJ then repeatedly referenced the February 2, 2010 alleged onset date in her decision (T at 18, 20, 26) without addressing the discrepancy.

The issue becomes important when the ALJ's reasons for discounting Plaintiff's credibility are considered. First, the ALJ noted that Plaintiff's "last full time work ended due to the business closing, not her impairments." (T at 22-23).

In general, the fact that a claimant stopped working for reasons other than the alleged impairments is a valid reason for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). However, this was only a valid reason for discounting Plaintiff's credibility if, in fact, she alleged that she stopped working because of her disability. Plaintiff's counsel advised the ALJ that Plaintiff "last worked in February 1, 2010, but that job didn't end because of her impairments. She didn't start having her back impairments until October of 2010." (T at 35). Plaintiff then testified that she lost her job in February of 2010 because of the company's financial problems and explained that she applied for unemployment benefits shortly thereafter. (T at 41). If Plaintiff's job loss occurred prior to her alleged onset of disability, as she and her counsel asserted at the hearing, then one of the reasons cited by the ALJ for discounting Plaintiff's credibility cannot be sustained.

Second, the ALJ noted that Plaintiff applied for unemployment insurance benefits (which required that Plaintiff certify an ability to work) and then discounted

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

Plaintiff's credibility based on the fact that "her alleged onset date and much of the relevant period includes time she received unemployment." (T at 23).

A claimant's receipt of unemployment benefits after the alleged onset date may "undermine a claimant's alleged inability to work fulltime." *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155, 1161-62 (9th Cir. 2008). However, "the mere receipt of employment benefits is insufficient to support the ALJ's adverse credibility finding without evidence that the claimant asserted he could work fulltime." *Anderson v. Colvin*, No. 13-cv-00496, 2015 U.S. Dist. LEXIS 32089, at *8 (D. Idaho Mar. 16, 2015).

Moreover, the issue should be considered carefully. In a memorandum dated November 15, 2006, Chief Social Security ALJ Frank Cristaudo wrote: "This is a reminder that the receipt of unemployment insurance benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled." In a follow-up memorandum dated August 9, 2010, Judge Cristaudo restated the position of the Social Security Administration that "individuals need not choose" between applying for the two types of benefits, and explained that "ALJs should look at the totality of circumstances in determining the significance of the application for unemployment benefits and related efforts to

13

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

obtain employment." *See Cook v. Astrue*, No. 11-1625, 2012 U.S. Dist. LEXIS 68401, at *10-*11 (D.S.C. April 19, 2012).

Here, Plaintiff applied for unemployment benefits right after she lost her job in February of 2010. (T at 41). She advised the unemployment office that she could perform office work and as a cashier. (T at 41-42). The ALJ asked whether Plaintiff notified "employment security that [she] would not be able to work full-time or that [she] had … medical problems." (T at 42). Plaintiff said she had not provided any such notification. (T at 42).[2] According to Plaintiff, she could perform full-time work between February of 2010 (when she applied for unemployment benefits) and October 1, 2010 (when she began experiencing severe problems with her back). (T at 35, 49). Plaintiff's unemployment benefits expired in December 2011. (T at 41).

The ALJ noted Plaintiff's testimony that she "did not update" her information with the unemployment office "because at the time she filled out the application she did not have back problems." (T at 23). However, the ALJ then faulted Plaintiff for "misrepresenting her work/disability situation and telling agencies whatever she needs to say in order to obtain benefits." (T at 23). It appears this was based on the ALJ's acceptance of February 2, 2010 as the alleged onset date. However, this

---

[2] It is not clear from the record whether Plaintiff affirmatively told the unemployment office that she *could* perform full-time work after October 1, 2010.

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

ignores the explanation advanced by Plaintiff that she was not disabled when she originally applied for unemployment benefits and did not begin experiencing disabling back pain until the October 1st date.

The Commissioner attempts to avoid the implications of the onset date discrepancy by arguing that the ALJ did not accept Plaintiff's effort to "correct" the onset date. In other words, according to the Commissioner, the ALJ (a) believed that Plaintiff did, in fact, allege disability beginning February 2, 2010, and then (b) rejected Plaintiff's attempt to change the onset date to October 1, 2010. This may, in fact, be what the ALJ believed, but no such rationale is set forth in the decision. As discussed above, the ALJ acknowledged the date clarification by Plaintiff's counsel during the administrative hearing without any apparent objection (T at 35), but then repeatedly referenced the February date (T at 18, 20, 26) without explaining why that date was chosen at the "correct" alleged on date. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

As discussed above, this gap cannot be considered harmless. The ALJ found that Plaintiff's reason for losing her job (her employer's financial problems) was

inconsistent with her supposedly contemporaneous claim of disability.  The ALJ also faulted Plaintiff for applying for unemployment benefits at a time when she was supposedly also claiming to be disabled.   However, the effect of both of these findings is diminished (if not eliminated) if one accepts the October 2010 onset date. As such, the resolution of the onset date discrepancy is material to the assessment of Plaintiff's credibility.   The ALJ's failure to explicitly resolve that discrepancy accordingly requires a remand.

### 2.        Activities

The ALJ discounted Plaintiff's testimony that she needed to lay down during the day by noting that she worked for 20 hours a week and could perform her activities of daily living independently. (T at 22).  However, Plaintiff only works from 1-5pm at her community job. (T at 45).  This allows her to lie down during the morning and evening. Plaintiff testified that she spends "two, two and a half hours in the morning, maybe two and a half hours at night" lying down. (T at 53).  She lays down upon returning home from work "[b]ecause my back hurts real bad." (T at 54). Her part-time work for a non-profit company is financed through grants and provides her with flexibility in terms of her movements. (T at 45).   She is nevertheless in pain "most of the time" while at work. (T at 54).  These facts are not inconsistent with Plaintiff's allegation that her back pain precludes full-time

employment.   Moreover, Plaintiff's activities of daily living - limited grocery shopping, some cooking and light household (T at 39) – are likewise not inconsistent with her testimony regarding disabling pain.

The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)).   "The Social  Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Recognizing that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," the Ninth Circuit has held that "[o]nly if [her] level of activity were inconsistent with [a claimant's] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)(citations omitted); *see also Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)("The critical differences between activities of daily living and activities in a full-time job are that a person has more

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.")(cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)).

This aspect of the ALJ's decision should also be revisited on remand.

## B.    Diabetes

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).   The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limits a claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment

is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

In this case, the ALJ noted that Plaintiff has the medically determinable impairment of diabetes mellitus. (T at 21). However, the ALJ concluded that there was no record evidence of limitations arising from this condition and, as such, it was found to be non-severe. (T at 21).

This finding was not supported by substantial evidence. The record indicated that Plaintiff's diabetes caused numbness and paresthesia in her extremeties. (T at 208, 210, 213, 214, 239, 243, 248, 249). Greg Bickel, a treating physician's assistant, described Plaintiff's diabetes as "uncontrolled." (T at 213). The ALJ did not adequately address this evidence and did not include any limitations with regard

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

to the use of extremities when determining Plaintiff's RFC.  This issue should likewise be revisited on remand.

## C.    Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the ALJ's decision is not supported by substantial evidence.  In particular, the ALJ did not resolve the onset date discrepancy, which undermines the decision to discount Plaintiff's credibility.  In addition, the ALJ did not adequately address the evidence concerning Plaintiff's diabetes.  However, there is evidence in the record to support the ALJ's decision, including the consultative examination of Dr. Brett Norman, who opined that Plaintiff's low back pain did not impose any limitation for 12 continuous months. (T at 233).  Accordingly, a remand for further proceedings is the appropriate remedy.  On remand, the ALJ should resolve the onset date discrepancy, re-evaluate Plaintiff's credibility in light of the

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB

considerations outlined above, and reconsider the evidence concerning Plaintiff's diabetes

## IV. ORDERS

IT IS THEREFORE ORDERED that:

Plaintiff's motion for summary judgment, Docket No. 14, is GRANTED.

The Commissioner's motion for summary judgment, Docket No. 21, is DENIED.

This case is remanded for further proceedings.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of Plaintiff, and close this case.

DATED this 27th day of May, 2015.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – DIAZ v COLVIN 14-CV-03081-VEB